**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **JENNIFER SMALL,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 4:19-cv-03466** |
| | § | |
| **LIBERTY LIFE ASSURANCE COMPANY OF BOSTON and DANIEL J. EDELMAN HOLDINGS INC. GROUP DISABILITY PLAN,** | § | |
| | § | |
| **Defendants.** | § | |

**DEFENDANT LIBERTY LIFE ASSURANCE COMPANY OF BOSTON'S MOTION TO DISMISS PLAINTIFF'S CLAIMS AGAINST LIBERTY LIFE IN THE FIRST AMENDED COMPLAINT AND MEMORANDUM IN SUPPORT**

Pursuant to Rules 12(b)(6) and 12(f) of the Federal Rules of Civil Procedure, Defendant Liberty Life Assurance Company of Boston ("Liberty Life")[1] files this Motion to Dismiss Plaintiff's Claims against Liberty Life in the First Amended Complaint and Memorandum in Support.

## ARGUMENT AND ANALYSIS

### Introduction and Standard of Review

In the Amended Complaint, Plaintiff brings a claim pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA") for recovery of disability benefits. (Complaint, ¶ 1 and 63). However, Liberty Life Assurance Company of Boston is not the Plan Administrator, insurer, or a plan fiduciary relevant to Plaintiff's claim for short-term disability ("STD") benefits and should be dismissed. Moreover, based on the face of the Complaint, Plaintiff has failed to

[1] Liberty Life Assurance Company of Boston is now known as Lincoln Life Assurance Company of Boston, which is the correct name of the Defendant in this action.

exhaust required administrative remedies that are a condition precedent to the claim against Liberty Life for long-term disability ("LTD") benefits. Accordingly, the allegations pled in the Amended Complaint in support of Plaintiff's claims, even if taken as true,[2] are insufficient to support the relief requested against Liberty Life Assurance Company of Boston.

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a Complaint for failure to state a claim upon which relief can be granted.[3] A court should dismiss a claim if it finds that the facts pled do not support a claim for relief, even assuming the allegations as pled are true.[4]

A dismissal is warranted where the pleadings disclose an absolute defense or bar to recovery. See Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1050 (5th Cir. 1982); Cutrer v. McMillan, 308 Fed.Appx. 819, 820 (5th Cir. 2009). It is apparent from the face of the Amended Complaint that Plaintiff's claims fail to state a claim against Liberty Life and must be dismissed. Leonhardt v. W. Sugar Co., 160 F.3d 631, 634 (10th Cir. 1998) (dismissal is proper where, in light of the facts pled, Plaintiff can prove no set of facts in support of their claim). Plaintiff's obligation to plead sufficient facts in the Amended Complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007). The plaintiff is required to plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. As demonstrated below, the Amended Complaint fails to meet these requirements and Liberty Life should be dismissed from this action.

---

[2] For the purposes of the Motion to Dismiss, the Court must assume the facts alleged by Plaintiff in the Amended Complaint to be true. However, Liberty Life does not admit the truthfulness or accuracy of any factual allegation contained in the Amended Complaint by filing this Motion and Brief or by any statement contained therein.

[3] Fed. R. Civ. P. 12(b)(6).

[4] Stidham v. Peace Officer Standards and Training, 265 F.3d 1144, 1149 (10th Cir. 2001).

The Amended Complaint specifically references the plan documents numerous times, and Plaintiff's claims are predicated on those plan documents. Under the federal rules, it is widely recognized that when a plaintiff references, but does not attach, certain documents in the complaint that are central to the plaintiff's claim, the Court may consider the documents for purposes of a Rule 12(b)(6) motion to dismiss without conversion to summary judgment under Rule 56. Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498-99 (5th Cir. 2000); see also Romani v. Shearson Lehman Hutton, 929 F.2d 875, 879 n.3 (1st Cir. 1991); Cortec Industries v. Sun Holding, 949 F. 2d 42, 48 (2d Cir. 1991); Pension Benefit Guaranty Corp. v. White Consolidated Industries, 998 F.2d 1192, 1195 (3rd Cir. 1993), cert. denied, 510 U.S. 1042 (1994); Biospherics, Inc. v. Forbes, Inc., 989 F. Supp. 748, 749 (D. Md. 1997), aff'd on other grounds, 151 F.3d 180 (4th Cir. 1998); Weiner v. Klais and Co., 108 F.3d 86 (6th Cir. 1997); Venture Assoc. Corp. v. Zenith Data Systems Corp., 987 F.2d 429, 431 (7th Cir. 1993); GFF Corp. v. Assoc. Wholesale Grocers, 130 F.3d 1381, 1384 (10th Cir. 1997); Brooks v. Blue Cross & Blue Shield of Florida, Inc., 116 F. 3d 1364, 1369 (11th Cir. 1997). Accordingly, the Self-Insured Short Term Disability Plan (and Annex A) is attached hereto as Exhibit A.

## I. Short Term Disability Benefit Claim - Liberty Life Must Be Dismissed From This Action Because It is Not the Insurer of the Short Term Disability Plan and is Only Named in the Plan as a Provider of Non-Fiduciary Claim Processing Services.

Plaintiff asserts that Liberty Life is being sued in its capacity as "Administrator of the Daniel J. Edelman Holdings, Inc. Long Term and Short Term Disability Plans." (Complaint, ¶ 1) Plaintiff also alleges that "The disability plan at issue in the case at bar was funded and administered by Defendant." (Complaint, ¶ 4.) However, this allegation does not specify which "Defendant" allegedly "funded and administered" the Plan. Further, Liberty Life is not the Insurer or Administrator of the short-term disability ("STD") Plan at issue in this action. In fact, the relevant plan document specifically states that Liberty Life is not the insurer or administrator

of the STD Plan. The STD Plan states in relevant part, “Liberty is neither the Administrator, a Fiduciary nor a named Fiduciary of the Plan for purposes of the Employee Retirement Income Security Act of 1974 or any state law of a similar nature. (Exhibit A, Administrative Services Only Agreement at p. 1). The Plan further states:

> “The Plan provides short term disability (STD) benefits to eligible participants under the terms and conditions of the Plan. The Plan is a self-funded welfare benefit Plan (Plan). The Plan is administered by Daniel J. Edelman Holdings, Inc. (Company).
>
> Liberty Life Assurance Company of Boston (Liberty) provides non-fiduciary claim processing services to the Plan. The Plan is not insured by Liberty, and Liberty has not issued any insurance policy that would fund benefits under the Plan. Liberty is not responsible to fund the payment of any benefits under the Plan.”

(Exhibit A, Administrative Services Only Agreement, Annex p. 1)

The Complaint also makes numerous allegations with regard to the handling by “Defendant” (singular, without specifying which defendant), of Plaintiff’s claims for STD benefits. However, as stated above and reflected by the Plan itself, the Plan is a self-insured plan, and the Plan Administrator is Daniel J. Edelman Holdings, Inc. and not Liberty Life. Additionally, the Plan states, “Liberty has not issued any insurance policy that would fund benefits under the Plan” and further that Liberty Life only “provides non-fiduciary claim processing services to the Plan.” Numerous Courts have found that only the plan itself is the proper defendant against an ERISA claim for recovery of benefits under 29 U.S.C. § 1132(a)(1)(B). Johnson v. Hartford Life Accident Ins. Comp, CA H-09-56 (S.D. Tex. Mar. 4, 2009); Metro. Life Ins. Co. v. Palmer, 238 F. Supp. 2d 831, 835 (E.D. Tex. 2002) ("the only proper defendant to [an ERISA] action is the plan itself"). Accordingly, Liberty Life is not a proper defendant as to Plaintiff’s claim for short term disability benefits and that claim must be dismissed against it.

## II. Long-Term Disability Benefit Claim – Plaintiff's Claim Against Liberty Life Must Be Dismissed Because The Complaint Fails to Assert that any Claim Decision Has Been Made or that Required Administrative Remedies were Exhausted with Regard to the Long-Term Disability Claim.

Moreover, to the extent the Amended Complaint could be construed to contain allegations regarding Liberty Life's processing of a claim for long-term disability benefits, Plaintiff does not assert in her Amended Complaint that she has satisfied conditions precedent to bringing a claim for LTD benefits. Specifically, Plaintiff fails to assert that a decision has been made on the LTD claim or that administrative remedies have been exhausted by submitting an appeal of any denial of LTD benefits. In fact, although the Amended Complaint alleges a claim for LTD benefits was submitted to Liberty Life,[5] the Amended Complaint does not even allege that Liberty Life denied benefits or that Plaintiff appealed a decision regarding LTD benefits. It is noted that Plaintiff asserts STD benefits were denied and that decision appealed (Complaint at ¶¶ 28-34). However, the Complaint does not assert that a decision has been made on the LTD benefit claim, nor does Plaintiff assert any excuse for failing to satisfy this condition precedent. Therefore, Plaintiff has not properly pled in the Complaint that she satisfied conditions precedent to her claim for LTD Benefits.

As the Amended Complaint fails to state any claim against Liberty Life upon which relief may be granted, Liberty Life is not a proper defendant to the STD benefit claim, and Plaintiff did not assert conditions precedent with regard to the LTD benefit claim, Liberty Life should be dismissed from this action.

## CONCLUSION

For the reasons and authorities discussed above, Liberty Life respectfully requests that the Court dismiss it from this action and grant it such other relief to which it may show itself entitled.

---

[5] Complaint at ¶ 29.

Dated this 30th day of December 2019.

Respectfully submitted,

By: /s/ Iwana Rademaekers

Iwana Rademaekers, Attorney in Charge
State Bar of Texas No. 16452560
S.D. of Texas No. 22781
**LAW OFFICES OF IWANA RADEMAEKERS, P.C.**
14785 Preston Road, Suite 550
Dallas, Texas 75254
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

ATTORNEYS FOR DEFENDANT LIBERTY LIFE ASSURANCE COMPANY OF BOSTON

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing pleading was electronically filed with the clerk for the U.S. District Court, Southern District of Texas, using the electronic case filing system of the court, and the electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means, as follows:

Marc S. Whitehead
Email: marc@marcwhitehead.com

Madison Tate Donaldson
Email: madison@marcwhitehead.com

December 30, 2019 — /s/ Iwana Rademaekers
Date — Iwana Rademaekers